UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PILAR ASH,                                                                    6:12-CV-2109-TC

                Plaintiff,

        v.                                                              FINDINGS and RECOMMENDATION

DESCHUTES COUNTY, DESCHUTES
COUNTY SHERIFF'S OFFICE, PAUL
GARRISON, CASEY KARPSTEIN, SHANE
NELSON, DERRON McMASTER,
MICHAEL GILL, DAN BILYEU, JON ASH
and JOAH ASH,

                Defendants.

COFFIN, Magistrate Judge:

    Presently before the court is defendant Joah Ash's motion (#22) to dismiss plaintiff's claim for intentional infliction of emotional distress. This motion was stayed pending plaintiff's filing of a motion (#39) for leave to file a first amended complaint in which plaintiff asserted diversity jurisdiction which was not contested. Plaintiff subsequently filed a motion (#54) for leave to file a second amended complaint. That motion was allowed and the second amended complaint became

Page 1 - FINDINGS and RECOMMENDATION

the operative complaint at that time. See Minute Order #60. The court also asked for supplemental submissions and briefings on the applicability of the Rooker - Feldman doctrine and those filings and the related motion (#67) to dismiss are also presently before the court.

After a telephone hearing, the court entered an Order (#73) that removed Pilar Ash as the guardian ad litem for JA (Pilar and Joah Ashe's minor child). All claims brought on behalf of JA by Pilar Ash as guardian ad litem for JA were dismissed without prejudice to refile in the event the state court appoints a new guardian ad litem. Because JA was the only plaintiff on the false imprisonment claim, that claim is not at issue at this time.

As discussed in further detail below, the claims for intentional infliction of emotional distress should be dismissed for several alternative reasons.

## DISCUSSION

The Rooker-Feldman doctrine bars federal jurisdiction in certain circumstances. It is applicable to part of this action if plaintiff is making efforts to raise issues "inextricably intertwined" with the prior decisions of a state court. See, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983). I find that plaintiff Pilar's intentional infliction of emotional distress claim against Joah Ash is inextricably intertwined with the state court judgments pertaining to Pilar and Joah's domestic relations case as the relief requested in federal court would effectively reverse the state court decision or void its ruling. See, Fielder v. Credit Accept Corp., 188 F3d 1031, 1034(8th Cir. 1999). In the underlying state court domestic relations case, former spouses Pilar Ash and Joah Ash obtained a stipulated general judgment of unlimited separation that covered parenting time. Thereafter, each party violated the court's order regarding parenting time.

Page 2 - FINDINGS and RECOMMENDATION

Specifically, defendant Joah Ash extended his parenting time with JA on one occasion that violated the state court's order while plaintiff Pilar Ash relocated their minor children to Nevada in violation of the court's order. Proceedings were thereafter held in state court wherein each party asked the court to award compensatory damages for the "loss, injury" caused by the other party's violation of the state court's order. (#67-1, #67-2). The parties subsequently resolved the parenting time issue by modifying their parenting agreement and the state court's stipulated supplemental judgment stated that based on the parties resolution of the parenting time modification motion "the Court finds that issuing any contempt sanctions would be inappropriate. " Stipulated Supplemental Judgment, Case No. 10 DS1093 , Circuit Court of the State of Oregon for the County of Deschutes, May 14, 2012. This judgment was stipulated to by the parties and signed by the state court judge. Id.

If plaintiff Pilar Ash in this federal action were to prevail on her claim for intentional infliction of emotional distress against her former husband arising from the parenting time incidents and recover compensatory damages, it would effectively reverse the state court decision declining to award compensatory sanctions arising from the parenting time incidents as "sanctions would be inappropriate." Id. As such, federal jurisdiction is barred.

Alternative reasons for dismissing the intentional infliction of emotional distress claim against Joah Ash are that it is appropriate for this court to exercise its discretion and decline to exercise jurisdiction on this claim. Such is based on the domestic relations exception to diversity jurisdiction, see, e.g., Bacon v. Bacon, 365 F.Supp. 1019 (D. Or. 1973); McLaughlin v. Cotner, 193 F.3d 410 (6th Cir. 1999); and the principle of equitable abstention, see, e.g., Coats v. Woods, 819 F.2d 236 (9th Cir. 1987).There, the Ninth Circuit Court of Appeals noted the appropriateness of declining jurisdiction

Page 3 - FINDINGS and RECOMMENDATION

in certain cases due to the strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decisions in cases of continued judicial supervision by the state. Here, as noted, the state court entered a judgment in which that court specifically declined to award monetary damages to plaintiff Pilar Ash based on Joah Ash's violation of the court's order regarding parenting time. Here, in this federal action, plaintiff is seeking compensatory damages for that exact same violation of the exact same order. Styling the claim as a state law tort (intentional infliction of emotional distress) does nothing to change its substance. This court, even in the absence of the Rooker-Feldman doctrine, should not interfere with what's essentially a state court decision in a domestic relations dispute.

## CONCLUSION

Defendant Joah Ash's motions (#22, #67) to dismiss should be allowed and plaintiff's claim for intentional infliction of emotional distress against Joah Ash should be dismissed.

DATED this 3 day of January, 2014.

THOMAS M. COFFIN
United States Magistrate Judge